IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICARDO NAIL,

    Petitioner,                             No. CIV S-07-1175 FCD GGH P

    vs.

UNITED STATES OF AMERICA,

    Respondents.                        ORDER

/

        Petitioner, proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has not filed an application to proceed in forma pauperis or paid the filing fee ($5). Accordingly, petitioner is granted thirty days to either pay the filing fee or file an in forma pauperis application.

        In his application, petitioner challenges deportation proceedings which are apparently not yet final. Petitioner is incarcerated at the California Correctional Institution in Tehachapi, California.

        The REAL ID Act provides that habeas petitions challenging *final* orders of removal filed after the May 11, 2005 effective date of the act should be dismissed outright by the district court for lack of jurisdiction rather than transferred to the Ninth Circuit. Puri v. Gonzales, 464 F.3d 1038, 1041 (9th Cir. 2006). In Puri, the Ninth Circuit also considered

1

whether, in lieu of outright dismissal, transfer of the case directly from the district court to the Ninth Circuit "in the interest of justice" under 28 U.S.C. § 1631 would have been appropriate. Id., at 1042-1043.

> Section 1631 provides that, in a civil action, if there is a want of jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed." [Footnote omitted] 28 U.S.C. § 1631. An immigration case is "transferable" when the following three conditions are met: 1) the transferee court would have been able to exercise its jurisdiction on the date the action was misfiled; 2) the transferor court lacks jurisdiction; and 3) the transfer serves the interest of justice.

Id., at 1042-1043.

In the instant case, the Ninth Circuit would not have been able to exercise jurisdiction on the date this action was misfiled in this court if petitioner's order of removal was not final.

Accordingly, petitioner is ordered to show cause why this action should not be dismissed for lack of jurisdiction. If petitioner argues that the court has jurisdiction, he should file a copy of the final removal order with his further briefing.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days of the date of this order, petitioner shall either pay the filing fee ($5) or file an application to proceed in forma pauperis;

2. Within thirty days of the date of this order, petitioner shall show cause why this action should not be dismissed for lack of jurisdiction.

DATED: 8/8/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

nail175.ord